# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-293V

|  |  |
|---|---|
| SAMUEL SMITH and JESSICA SMITH on behalf of J.S., a minor child,<br><br>                    Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 14, 2025 |

*Diana L. Stadelnikas, Mctlaw, Sarasota, FL,* for Petitioners.

*Neil Bhargava, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

On February 28, 2023, Samuel and Jessica Smith, on behalf of their minor child J.S., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that J.S. suffered from immune thrombocytopenia purpura ("ITP") after receiving a measles, mumps, rubella, and varicella vaccination on December 14, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 26, 2024, a ruling on entitlement was issued, finding Petitioners entitled to compensation for J.S.'s ITP. On March 13, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioners should be awarded $4,817.02 for past unreimbursable expenses and $105,000.00 to purchase an annuity contract, the terms of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

which are contained within the proffer. Proffer at 2-3. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioners the following:**

1) **a lump sum payment of $4,817.02, representing reimbursement for past unreimbursed expenses, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement to Petitioners; and**

2) **an amount of $105,000.00 to purchase the annuity contract described in the attached proffer in section II.B.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SAMUEL SMITH and JESSICA SMITH on behalf of J.S., a minor child,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 23-293V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER OF DAMAGES**

I.   **Procedural History**

On February 28, 2023, Samuel and Jessica Smith ("petitioners") filed a petition for compensation ("petition") on behalf of their minor son, J.S., under the National Childhood Vaccine Injury Act of 1986, 43 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that as a result of a measles, mumps, rubella, and varicella vaccine ("MMRV vaccine") administered to J.S. on December 14, 2020, J.S. suffered from immune thrombocytopenia purpura ("ITP"). Petition at 1. On June 24, 2024, respondent filed his Rule 4(c) report in which he concedes that petitioners are entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. ECF No. 27. Accordingly, on June 26, 2024, the Chief Special Master issued a Ruling on Entitlement, finding that petitioners are entitled to vaccine compensation. ECF No. 28.

## II.     Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

### A.     Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to J.S.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $4,817.02, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioners. Petitioners agree.

### B.     Pain and Suffering

For pain and suffering, an amount not to exceed $105,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be

---

[1] Should J.S. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioners and petitioners' heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

2

purchased,[4] subject to the conditions described below, that will provide payments to J.S. as set forth below:

    a. Beginning June 12, 2033, $18,812.99 per year for 10 years certain.

The purchase price of the annuity described in this section II.B. shall neither be greater nor less than $105,000.00. In the event that the cost of the certain annuity payments set forth above varies from $105,000.00, the annuity payment set forth above shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $105,000.00. Should J.S. predecease payment of any of the certain payments set forth above, said payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of J.S.'s death.

    These amounts represent all elements of compensation to which J.S. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioners agree.[5]

---

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[5] At the time payment is received, J.S. will be an adult, and thus guardianship is not required. However, petitioners represent that they presently are, or if necessary, will become, authorized to serve as guardians/conservators of J.S.'s estate as may be required under the laws of the State of Minnesota.

**III.** **Summary of Recommended Payments Following Judgment**

 A. Past Unreimbursable Expenses:          **$4,817.02**

 B. An amount of $105,000.00 to purchase the annuity contract described above in section II.B.

                Respectfully submitted,

                YAAKOV M. ROTH
                Acting Assistant Attorney General, Civil Division

                C. SALVATORE D'ALESSIO
                Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                JULIA M. COLLISON
                Assistant Director
                Torts Branch, Civil Division

                *s/Neil Bhargava,*
                NEIL BHARGAVA
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C. 20044-0146
                Tel: (202) 305-3989
                Neil.bhargava@usdoj.gov

DATED: March 13, 2025